UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO TORRES,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>SCOTT KERNAN,<br><br>　　　　　　Respondent. | Case No. 19-cv-06885-PJH<br><br>**ORDER OF DISMISSAL**<br><br>Re: Dkt. No. 2 |

Petitioner, a former California prisoner and parolee, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His parole violation finding occurred in Contra Costa County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has also filed a motion to proceed in forma pauperis

**BACKGROUND**

Petitioner was released from custody from state prison on November 14, 2018. Case No. 19-6885, Docket No. 1 at 12. Petitioner filed a habeas petition regarding that conviction that was denied on the merits on March 8, 2019. *See Torres v. Hatton*, Case No. 17-cv-4332 PJH. With respect to that prior conviction from Case No. 17-4332, petitioner pleaded guilty to several counts and was sentenced to six years. Case No. 17-4332, Docket No. 35 at 159-65.[1] On the written waiver and plea form signed by petitioner, he initialed the statement indicating that he understood that his prison sentence would be followed by being on parole or post release community supervision. Case No. 17-4332, Docket No. 1-7 at 14, 16. During the plea allocution, the trial judge

---

[1] A court may take judicial notice of public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

indicated that if convicted of a serious violent felony, petitioner would be placed on parole when his sentence was completed and be required to follow certain terms and conditions. Case No. 17-4332, Docket No. 35 at 164. The prosecutor had previously indicated that the state term would be six years with 85% percent to be served because it was a violent felony. *Id.* at 156.

On November 9, 2018, several days before petitioner was released from custody, he was provided a notice and conditions of his parole. Case No. 19-6885, Docket No. 1 at 22-24. Petitioner refused to sign the notice and conditions. *Id.* at 22-24. On January 17, 2019, petitioner was arrested for violating the conditions of parole. *Id.* at 12, 16. On February 28, 2019, petitioner was found to have violated parole for failing to report to the parole office and sentenced to 180 days. *Id.* at 48.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

### LEGAL CLAIMS

As grounds for federal habeas relief petitioner argues that his parole violation is invalid because he was not on parole. Case No. 19-6885, Docket No. 1 at 8. Moreover,

he would like this court to acknowledge that he was not on parole. *Id.* Petitioner specifically argues he was not on parole because he refused to sign the parole papers when he was released from prison. *Id.* at 12, 17. He contends that the parole papers were a contract and were not binding because he did not sign them. *Id.* at 17. He alleges that he was arrested in retaliation for refusing to sign the documents. *Id.*

Assuming that petitioner has presented a cognizable claim, he is still not entitled to relief. Petitioner presented this claim to the California state courts. The Superior Court for Contra Costa County issued a reasoned opinion and the California Supreme Court denied his petition without comment or citation. *Id.* at 47; California Supreme Court Case No. S257313. The superior court stated:

> Parole is not a contract that requires a prisoner's consent. Rather, it is a mandatory part of his or her state prison sentence. (Pen. Code § 3000, ["A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 shall include a period of parole supervision or postrelease community supervision,"].) Petitioner's argument that he never agreed to be placed on parole lacks merit as his consent or agreement is irrelevant. Parole supervision is mandated under California law as part of his state prison sentence. Petitioner was advised of the term of parole supervision during his sentencing hearing…

Case No. 19-6885, Docket No. 1 at 8.

The state courts found that pursuant to California law parole was a mandatory part of petitioner's sentence and did not require his consent or signature. As noted by the state court and above, petitioner was notified of the parole requirement when he pled guilty and he acknowledged it. Petitioner was also aware that he would be subject to parole conditions when he was released from prison but chose not to sign the document and more importantly chose not to abide by the conditions. Petitioner has presented a state law claim that has already been ruled on by the state courts and this court cannot overrule those decisions. Federal habeas relief is not available for an alleged state law error. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law).

**CONCLUSION**

1. The motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

2. The petition is **DISMISSED** for the reasons set forth above. Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA). The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: January 22, 2020

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge